IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **J. ARMANDO MIRANDA,** § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:13-CV-2217-L** |
| § | |
| **WELLS FARGO BANK, N.A.,** § | |
| **SUCESSOR BY MERGER TO WELLS** § | |
| **FARGO BANK SOUTHWEST, N.A., fka,** § | |
| **WACHOVIA MORTGAGE, FSB, fka** § | |
| **WORLD SAVINGS BANK, FSB; AND** § | |
| **BARRETT, DAFFIN, FRAPPIER,** § | |
| **TURNER & ENGEL, LLP,** § | |
| § | |
| Defendants. § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Verified Request for Temporary Restraining Order and Preliminary Injunction and Request for Hearing ("Motion") (Doc. 6), filed June 26, 2013. After carefully reviewing Plaintiff's Motion, Plaintiff's live pleadings, the record, and applicable law, the court **denies** Plaintiff's Verified Request for Temporary Restraining Order and Preliminary Injunction and Request for Hearing (Doc. 6).

### **I.    Factual and Procedural Background**

Plaintiff J. Armando Miranda ("Plaintiff") originally filed this action in County Court at Law No. 2, Dallas County, Texas, on May 30, 2013, asserting various state causes of action pertaining to attempted mortgage foreclosure proceedings for property ("the Property") located at 409 Baldwin St., Grand Prairie, Texas 75052.[1]  In his Original Petition, Plaintiff named only one

---

[1] According to Plaintiff's Amended Petition, the Property at issue is located in Grand Prairie, Texas; however, a property appraisal attached to Defendants' Notice of Removal indicates that the Property is located in Dallas, Texas.

**Memorandum Opinion and Order - Page 1**

defendant  Wells Fargo Bank, N.A. as the successor in interest by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo"). In his Amended Verified Original Petition ("Amended Petition"), the live pleading, filed on May 31, 2013, Plaintiff added Barrett, Daffin, Frappier, Turner & Engel, LLP ("Barrett Daffin") as a defendant.[2] Plaintiff alleges claims against Defendants for (1) quiet title and trespass to try title; (2) breach of contract and anticipatory breach of contract; (3) unreasonable collection efforts; (4) Texas Debt Collection Practices Act ("DTPA") violations; and (5) negligent misrepresentation and gross negligence. Plaintiff also seeks declaratory relief under the Texas Civil Practice and Remedies Code and contends that Defendants should be estopped from foreclosing on the Property at issue. Plaintiff filed the instant Motion to prevent a foreclosure of the Property scheduled for July 2, 2013.

Defendants removed the case to federal court on June 13, 2013. Before the case was removed, the state court entered a temporary restraining order on May 31, 2013. Defendants removed the case before the temporary restraining order was scheduled to expire on June 14, 2013. The temporary restraining order entered by the state court therefore remains in effect until dissolved or modified by this court. 28 U.S.C. § 1450.[3] The court, however, determines that Plaintiff has not satisfied the requirements for a temporary restraining order or preliminary injunction.

---

[2] Barrett Daffin does not appear in the style of the case in the Amended Petition but is listed as a party in the body of the Amended Petition. To avoid confusion, the court therefore lists Barret Daffin, together with Wells Fargo, as a defendant in the style of this case and order.

[3] Pursuant 28 U.S.C. § 1450: "Whenever any action is removed from a state court to a district court of the United States . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."

**Memorandum Opinion and Order - Page 2**

**II.      Standard Applicable to Preliminary Injunctions and Temporary Restraining Orders**

There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order ("TRO"). A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

Because a preliminary injunction is considered an "extraordinary and drastic remedy," it is not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). The decision to grant or deny preliminary injunctive relief is left to the sound discretion of the district court. *Mississippi Power & Light Co.*, 760 F.2d at 621. Even when a movant establishes each of the four *Canal* requirements, the decision whether to grant or deny a preliminary injunction remains discretionary with the court, and the decision to grant a preliminary injunction is treated as the exception rather than the rule. *Mississippi Power & Light*, 760 F.2d at 621.

**III.   Discussion**

Plaintiff's allegations in support of his quiet title and trespass to try title claims are at best conclusory. Plaintiff's contentions regarding estoppel and his request for declaratory relief are devoid of any factual allegations and appear to have been copied from a legal form that has no relevance to this case. Moreover, Plaintiff admits that he fell behind on his mortgage payments and presented a Pro Bono Pauper's Oath to the state court in which he avers that he has little or no assets, has a minimal monthly income of $1,000, and currently has "$0.00 in cash." Doc. 1-6. Accordingly, Plaintiff has not shown that there is a substantial likelihood that he will prevail on the merits of his quiet title and trespass to try title claims or his request for declaratory relief based on estoppel.

In support of his contract, negligence, and unreasonable collection efforts claims, Plaintiff alleges that Wells Fargo failed to give him a chance to cure the default and reinstate his mortgage because it provided him with three different amounts due and owed under his note. Plaintiff, however, fails to explain why Wells Fargo's providing him with differing amounts prevented him from making payments under the note. Moreover, although Plaintiff alleges that Wells Fargo accelerated the amounts due and owing under the note, he appears to believe that it would have been sufficient for him to simply pay past due amounts to bring his mortgage current in order to cure the default. Acceleration of a note, however, normally requires that the full amount of the note be paid to cure a default, not just past due payments. Further, because Plaintiff acknowledges he defaulted on his note, the court cannot say, based on his current pleadings alone, that Defendants' collection efforts were unreasonable. *See Mitchell v. Chase Home Fin. LLC*, No. 3:06-CV-2099-K, 2008 WL 623395, at *6 (N.D. Tex. Mar. 4, 2008) (holding that defendant's collection efforts were not unreasonable where plaintiffs were in default on their loan). Additionally, Plaintiff's negligence

**Memorandum Opinion and Order - Page 4**

claim fails as a matter of law because "Texas courts consistently have prohibited tort claims if the parties' relationship and attendant duties arise from a contract." *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 625 (N.D. Tex. 2011) (citing *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991)). Thus, Plaintiff's allegations regarding his contract, negligence, and unreasonable collection efforts claims, even though verified, are insufficient to support a finding that he will likely succeed on the merits. The court similarly concludes that Plaintiff is not likely to succeed on the merits of his DTPA claim because he does not qualify as a consumer. The elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995); Tex. Bus. & Com. Code § 17.50(a)(1). Whether a person qualifies as a consumer under the DTPA is a question of law for the court to decide. *Bohls v. Oakes*, 75 S.W.3d 473, 479 (Tex. App. San Antonio 2002, pet. denied). A person who seeks only to borrow money is not a consumer under the DTPA because lending of money, without more, does not involve a good or a service. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566 (Tex. 1984). Likewise, the servicing of an existing loan and the request to modify an existing loan do not involve a good or service. *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 455 (E.D. Tex. 2011) (concluding that when a plaintiff seeks a modification of an existing loan, such action is "analogous to refinancing services" and does not qualify the plaintiff as a consumer under the DTPA); *Hansberger v. EMC Mortg. Corp.*, No. 04-08-00438-CV, 2009 WL 2264996 (Tex. App. San Antonio July 29, 2009, pet. denied) (citing *Maginn v. Norwest Mortg. Inc.*, 919 S.W.2d 164, 167 (Tex. App. Austin 1996, no pet.) (finding loan servicing to be an ancillary service not contemplated by the DTPA);

*Porter v. Countrywide Home Loans, Inc.*, No. V-7075, 2008 WL 2944670, *3 (S.D. Tex. July 24, 2008) ("A borrower whose sole objective is a loan does not become a consumer merely because the lender provides services incidental to the loan that are not independent objectives of the transaction."). Here, any alleged DTPA claim by Plaintiff arises out of his home mortgage loan, Defendants' servicing of the loan, or Defendants' recommendation that he apply for a loan modification and does not involve the purchase or lease of goods or services. As a result, Plaintiff does not qualify as a consumer for purposes of the DTPA. Accordingly, any such claim fails as a matter of law.

**IV.   Conclusion**

For the reasons herein stated, Plaintiff has not met his burden of establishing a substantial likelihood of success on the merits and is therefore not entitled to a preliminary injunction or TRO. The court therefore **denies** Plaintiff's Verified Request for Temporary Restraining Order and Preliminary Injunction and Request for Hearing (Doc. 6).

**It is so ordered** this 27th day of June, 2013.

Sam A. Lindsay
United States District Judge