IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

J. ARMANDO MIRANDA,

        **Plaintiff,**

v.                                      3:13-CV-02217-L-BK

WELLS FARGO BANK, N.A.
and BARRETT, DAFFIN, FRAPPIER,
TURNER & ENGEL, LLP,

        **Defendants.**

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the District Judge's *Order of Reference* (Doc. 17), this cause is before the undersigned for a recommendation on Defendants' *Motions to Dismiss*. (Docs 11, 16). Plaintiff, then proceeding *pro se*, originally filed this action in state court in May 2013, raising claims of (1) quiet title; (2) trespass to try title; (3) breach of contract; (4) the tort of unreasonable collection efforts; (5) violations of the Texas Deceptive Trade Practices Act ("DTPA"); (6) violations of the Texas Fair Debt Collection Practices Act ("TDCPA"); (7) negligent misrepresentation; and (8) gross negligence, all in connection with the foreclosure of his home. (Doc. 1-4 at 8-14). Plaintiff also sought a declaratory judgment to the effect that Defendant Wells Fargo Bank had no power to sell the property. *Id.* at 8, 14. Defendant Wells Fargo Bank removed the case to this Court based on diversity jurisdiction. (Doc. 1 at 4-5).

Defendant Wells Fargo Bank filed its *Motion to Dismiss Plaintiff's Amended Complaint* on July 15, 2013, (Doc. 11), and Defendant Barrett Daffin filed its *Motion to Dismiss* on September 12, 2013, (Doc. 16). Plaintiff, who has been represented by counsel since July 2013, (Doc. 8), was required to file his response, if he opposed the relief requested by Defendant Wells Fargo by August 26, 2013, but he did not do so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing

deadlines for filing responses to motions); (Doc. 13). Additionally, Plaintiff was required to file his response to Defendant Barrett Daffin's motion if he opposed dismissal of his case against those Defendants by October 3, 2013, but he did not respond to that motion either. Due to Plaintiff's failure to respond to Defendants' motions, this Court issued an *Order to Show Cause*, warning him that he risked dismissal of his case pursuant to Defendants' motions and/or for failure to prosecute. (Doc. 18). Plaintiff was ordered to show cause in writing by October 28, 2013, why he did not respond to Defendants' dismissal motions. That deadline has now passed, and Plaintiff did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to respond to Defendants' dismissal motions and failed to comply with this Court's *Order to Show Cause*. Accordingly, this action is subject to dismissal without prejudice.

Before considering whether dismissal on that basis is appropriate, however, the Court has an independent duty to first determine whether it has subject matter jurisdiction. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The record reflects that: (1) Plaintiff is a citizen of Texas; (2) Wells Fargo Bank is a citizen of South Dakota; and (3) Barrett Daffin is a citizen of Texas. (Doc. 1 at 4-5). The parties thus are not completely diverse for purposes of federal diversity jurisdiction.[1] Wells Fargo urges the Court to ignore, as nominal, the non-diverse party

---

[1] The amount in controversy is satisfied for jurisdictional purposes. *See* Doc. 1-17 at 2 (Dallas Central Appraisal District appraisal valuing the subject property at $162,360).

in assessing jurisdiction. *Id.* Indeed, the Court considers only the citizenship of real and substantial parties to a controversy and may disregard nominal or formal parties who have no real interest in the dispute at hand. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980); *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "Whether a party is [formal or] 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (internal quotations omitted). An alternate articulation of the test is whether a named party's "role in the law suit is that of a depositary or stakeholder." *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assts. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970) (internal quotations omitted). In sum, a "plaintiff's joinder of formal or unnecessary parties cannot defeat diversity jurisdiction and prevent removal." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 710 (N.D. Tex. 2011) (Lynn, J.) (quotation omitted). In *Marsh*, the district court retained subject matter jurisdiction over a foreclosure action filed against the banks' non-diverse substitute trustees and legal counsel. The court found that there was no reasonable basis for predicting that the plaintiffs' claims against those parties would be successful in state court because, in reality, only the rights of the banks were in dispute. *Id.* at 708-10. Consequently, the court dismissed the claims against the non-diverse defendants. *Id.*

Under the circumstances of this case, the Court concludes that Barrett Daffin is indeed a nominal party. Barrett Daffin is not listed in the case caption of Plaintiff's amended petition filed in state court. *See* Doc. 1-9 at 2. Moreover, Plaintiff does not name Barrett Daffin in any of the counts of the complaint or in the facts and only discusses the alleged wrongful acts of Defendant Wells Fargo. *See, e.g.*, *id.* at 4 (noting that the note and deed of trust were "purportedly

assigned" to Wells Fargo and that Wells Fargo had no authority to foreclose); *id.* at 6 (alleging that Wells Fargo intended to sell the subject property at a foreclosure sale and failed to give Plaintiff the opportunity to cure the default); *id.* at 9 (contending that Wells Fargo breached the note and deed of trust). Under these circumstances and considering the nature of the foreclosure dispute, "the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Acosta*, 452 F.3d at 379. Accordingly, the Court should retain subject matter jurisdiction over the case.

The undersigned next addresses Plaintiff's failure to respond to Defendants' dismissal motions and comply with this Court's order directing a response. Normally, under the circumstances present here, an action is subject to dismissal without prejudice. Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, however, the statute of limitations on Plaintiff's breach of contract, quiet title, and trespass to try title claims does not appear to expire until 2017. *See* Doc. 1-9 at 5-6, 13 (amended petition alleging that Plaintiff received notice from Wells Fargo that his home was being posted for a foreclosure sale to take place in June 2013); *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 203 (Tex. 2011) (breach of contract limitations period); *Basley v. Adoni Holdings, LLC*, 373 S.W. 3d 577, 585 (Tex. App.– Texarkana, 2012) (trespass to try title); *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App.– Fort Worth 2010) (quiet title). Plaintiff's TDCPA, DTPA, and tort claims do not expire until 2015, two years after the foreclosure proceeding (the allegedly fraudulent "collection action") was undertaken. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998) (negligence claims); *Gentry v. Credit Plan Corp. of Houston*, 528 S.W. 2d 571, 575 (Tex. 1975) unreasonable collection claim);

*Duzich v. Marine Office of America Corp.*, 980 S.W.2d 857, 872 (Tex. App.–Corpus Christi, 1998) (TDCPA); TEX. BUS. & COMM. CODE § 17.565 (DTPA).  Thus, dismissal of this case without prejudice will not unfairly affect Plaintiffs' legal interests.  Accordingly, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of prosecution and for failure to comply with a Court order.

**SO RECOMMENDED** on November 13, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE